# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 11, 2010

No. 09-50334
c/w No. 09-50335
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ABEL AGUILLON-GALLARDO,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:08-CR-763-1
USDC No. 5:09-CR-109-1

Before DAVIS, SMITH and DENNIS, Circuit Judges.

PER CURIAM:[*]

Abel Aguillon-Gallardo pleaded guilty to illegal reentry after deportation. As a result of this conviction, Aguillon-Gallardo's supervised release from a prior conviction for being present in the United States unlawfully was revoked. At sentencing the district court stated that Aguillon-Gallardo had a guidelines range of 77 to 96 months for the new conviction and a potential range of 30 to 37

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

months in relation to the revocation proceeding for a possible total sentence of 133 months in prison. The district court noted that, even if the sentences were run concurrently, it would be a very long sentence for the 58 year old defendant. The district court determined that Aguillon-Gallardo's guidelines range for the new offense would be 70 to 87 months if his criminal history category was reduced by one level and 57 to 71 months if the criminal history category was reduced by two levels. The district court found that the 57 to 71 month range was appropriate and imposed a sentence of 57 months to be served concurrently to the low end of the guidelines for the revocation, 30 months. The district court was then informed that there had been an error and that Aguillon-Gallardo faced only 12 months on the revocation. The district court stated that the change did not matter and imposed a concurrent 12 months sentence for the revocation. Following imposition of sentence, Aguillon-Gallardo complained to the district court that 57 months was a long time, to which the district court responded that it was "not as long as 133 months."

On appeal, Aguillon-Gallardo argues that the district court plainly erred procedurally by relying on erroneous information as to the guidelines range for the revocation case in fashioning the below the guidelines sentence for the new conviction. Aguillon-Gallardo does not challenge the substantive reasonableness of the sentence or assert any error with respect to the concurrent 12-month revocation sentence. Following *United States v. Booker*, 543 U.S. 220 (2005), sentences are reviewed for reasonableness in light of the sentencing factors in § 3553(a). *United States v. Mares*, 402 F.3d 511, 519-20 (5th Cir. 2005). Pursuant to *Gall v. United States*, 552 U.S. 38, 51 (2007), this court engages in a bifurcated analysis of the sentence imposed by the district court. *United States v. Delgado-Martinez*, 564 F.3d 750, 752 (5th Cir. 2009). The court first examines whether the district court committed any procedural errors, "such as failing to calculate (or improperly calculating) the Guidelines range, treating the

Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence--including an explanation for any deviation from the Guidelines range." *Gall*, 552 U.S. at 51. If there is no such error or the error is harmless, the reviewing court may proceed to the second step and consider the substantive reasonableness of the sentence imposed for an abuse of discretion. *Delgado-Martinez*, 564 F.3d at 751-53.

Aguillon-Gallardo concedes that he did not preserve his appellate argument by a contemporaneous objection and concedes that the plain error standard of review is appropriate in this case. To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Contrary to Aguillon-Gallardo's argument, the record does not show that the district court relied on erroneous information in determining his sentence. Aguillon-Gallardo concedes that during the sentencing proceeding the district court was given the correct information that he faced 12 not 30 months of imprisonment for the revocation. The record is clear that the district court was contemplating concurrent rather than consecutive sentences from the outset of the sentencing proceeding. Given the record and Aguillon-Gallardo's concession that the district court was aware of the correct information at the time of sentencing, the postsentencing remarks do not show clear or obvious error by the district court in sentencing him below the recommended guidelines range.

AFFIRMED.